## Commonwealth v. Morton

*Roy A. Gardner*, district attorney, for Commonwealth.

*Davis Hobbs*, for defendant.

TREMBATH, P. J., August 8, 1961.—Defendant is charged with involuntary manslaughter because of the death of Clayton Price as a result of an automobile accident September 17, 1960, at 2:35 a.m. After hearat the office of the justice of the peace, defendant having been bound over for action of the grand jury, defendant obtained a writ of habeas corpus, and is now

before this court on such writ. Instead of taking testimony anew on the habeas corpus, the parties submitted the case to the court upon the evidence taken before Cecil Krewson, Jr., justice of the peace, who committed defendant after hearing, on the charge of involuntary manslaughter.

From the testimony it appears that defendant's car on the night in question approached the bridge at Nicholson, on the Lackawanna Trail, in a zig-zagging fashion. The tractor-trailer approaching veered off the road to avoid collision, and defendant's car then collided with a wing-wall of the bridge and overturned, pinning Clayton Price under the car. He died from his injuries. Immediately after the accident, and before the dust of the accident had cleared, defendant was observed on the bridge, at which time he asked where the third person was who was driving the car. No person at the scene at that time saw any third person who was an occupant of the car, and although a careful search was undertaken by the local fire department and police department, no such person was found. In view of the fact that defendant, the owner of the car, was at the scene instantly after the collision, there is strong evidence that he might well have been the driver of the car. Unfortunately, the deceased was at the scene, and he might as well have been the driver of the car as defendant.

Under the circumstances, if the court believes defendant, a third person now unknown was the operator of the vehicle at the time of the accident; on the other hand, if the court disbelieves that a third person was the operator, then the court must conclude that either defendant or the deceased was the operator of the vehicle. Under this 50-50 chance, we could not permit a jury's verdict to stand.

And now, August 8, 1961, defendant is discharged.